IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 7:13-CR-50 (HL)** |
| v. : | |
| : | |
| **JATIN PATEL** : | |
| : | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, the Defendant, Jatin Patel pled guilty to a written Plea Agreement to Count One of the Indictment, charging that Defendant did combine, conspire, confederate, agree, and have a tacit understanding with her co-defendant and with others, to receive and deliver stolen and fraudulent U.S. Treasury checks in violation of Title 18, United States Code, Section 510(b); to make pass, attempt to pass, and possess forged securities of a State and of an organization with intent to deceive in violation of Title 18, United States Code, Section 513(a); and to steal, purloin and knowingly convert money of the United States having a value of more than $1,000.00 in violation of Title 18, United States Code, Section 641; all in violation of Title 18, United States Code, Section 371;

WHEREAS, in his Plea Agreement, the Defendant consented to the entry of a personal money judgment in an amount to be determined, and forfeiture of specific property;

WHEREAS, the United States has filed a Motion for a Preliminary Order of Forfeiture which would consist of a personal money judgment against the Defendant in the amount of two million, three hundred eight thousand, five hundred twenty-three

dollars and thirty-three cents ($2,308,523.33), and the specific property agreed to by the Defendant in his Plea Agreement;

WHEREAS, the Court has determined, based on the evidence already in the record, and the evidence set forth in the Defendant=s Plea Agreement, (1) that Defendant has an ownership interest in the following property; (2) that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(2)(B); and (3) that the United States has established the requisite nexus between the aforesaid offense and the following property:

**MONEY JUDGMENT**

   A. Two million, three hundred eight thousand, five hundred twenty-three dollars and thirty-three cents ($2,308,523.33) in United States Funds, representing the amount of funds that constitute or were derived from proceeds traceable to the commission of the aforesaid violations of Title 18, United States Code, Section 371, in connection with Title 18, United States Code, Section 510(b), Title 18, United States Code, Section 513(a), and Title 18, United States Code, Section 641, the amount of $2,919,909.48, minus the estimated value of the property directly forfeitable, in the amount of $197,971.22, and minus the amount forfeited in the Northern District of Georgia criminal case, *United States v. Dinesh Ramanbhai Patel*, Criminal Action No. 4:13-CR-0059-HLM on March 7, 2014, in the amount of $413,414.93.

**CURRENCY**

    A. $1,508.00 in United States Funds.

**CONVEYANCES**

    A. One (1) 2005 Cadillac Escalade EXT, VIN: 3GYEK62N65G274540; and

    B. One (1) 2004 Lexus RX330, VIN: JTJHA31U140005861.

**PRECIOUS METALS**

    A. Fifteen (15) one ounce gold bars;

    B. One (1) one hundred gram gold bar;

    C. One (1) five ounce gold bar; and

    D. Two (2) one hundred ounce silver bars.

**BANK ACCOUNTS**

    A. All United States currency, funds, and other monetary instruments credited to Bank Account Numbers 334028590867 and 334028590867, believed to be in the name of Good Neighbor Grocery, located at Bank of America, 127 First Street, Tifton, Georgia;

    B. All United States currency, funds, and other monetary instruments credited to Bank Account Number 3123444709, (formerly Account Number 2048598664) believed to be in the name of Jeet-Jiten, Inc. D/B/A Good Neighbor Grocery, located at Ameris Bank, 735 W. 2nd Street, Tifton, Georgia; and

    C. All United States currency, funds, and other monetary instruments credited to Bank Account Number 3123444675, (formerly Account Number 2048598672) believed to be in the name of Jeet-Jiten, Inc. D/B/A Anchor Lounge, located at Ameris Bank, 735 W. 2nd Street, Tifton, Georgia.

(hereinafter collectively referred to as the "Subject Property").

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment,"

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. ' 982(a)(2)(B), 28 U.S.C. § 2461(c), 18 U.S.C. ' 3554, and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.  No such notice or ancillary

proceeding is necessary for the personal money judgment.  FED. R. CRIM. P. Rule 32.2(c)(1).

4. To the extent that the foregoing property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the Order and its intent to dispose of the subject property on the Government=s internet website, *www.forfeiture.gov*.  The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.  The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition.  *See* FED. R. CRIM. P. 32.2(b)(6).

5. Any person, other than the above named Defendant, asserting a legal interest in the subject property may, within thirty (30) days of the receipt of notice, or within sixty (60) days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. ' 853(n), as incorporated by 18 U.S.C. ' 982(b)(1) and 28 U.S.C. § 2461(c).

6. Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

7. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the

nature and extent of the petitioner=s right, title, or interest in the subject property, the time and circumstances of the petitioner=s acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner=s claim and the relief sought.

8. If a petition is filed by a third party, and after the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. ' 853(n)(2), as incorporated by 18 U.S.C. ' 982(b)(1) and 28 U.S.C. § 2461(c), for the filing of third party petitions.

10. As issued this date, this Order consists solely of a judgment for a sum of money for which the Defendant shall remain liable until the judgment is satisfied. The Court shall retain jurisdiction, however, to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P 32.2(e), if the Government locates specific assets traceable to the subject property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. ' 853(p), as incorporated by 18 U.S.C. ' 982(b)(1) and 28 U.S.C. § 2641(c).

SO ORDERED, this <u>10th</u> day of <u>November</u>, 2014.

<u>s/ Hugh Lawson</u>
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683